UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-156-R

JEFFREY JOHNSON                                                                                          PLAINTIFF

v.

MURRAY STATE UNIVERSITY et al.                                                              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Jeffrey Johnson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

On September 11, 2013, Plaintiff filed the instant action, naming as Defendants Murray State University; Cynthia Elliott; Camisha Duffy; Nancy Phillips; Velvet Wilson; Janet Harper; Debra Shepard; Cheryl Sons; Stacy Johnson; Boyd Baxter; and Jothan Baxter. He sues each in their individual and official capacities. He requests compensatory and punitive damages.

Plaintiff previously filed suit against Murray State University; "Randy Dunn Murray State University President Velvet Wilson Disability Services Nancy Philips teacher Camisha Duffy Equal Opportunity Janet Harper Financial Aid Debra Shepard Financial Aid Cheryl Son Vocational Rehab Steve leach Wellness Center Aden Murray library Tracy Roberts Registration Boyd Baxter Student Stacy Johnson Student." *See Johnson v. Murray State University*, Civil Action No. 5:13CV-14-R. That suit was dismissed on June 11, 2013. Both that complaint and the instant one concern allegations against Murray State University and various of its employees

and students who all, Plaintiff alleges, discriminated against him and violated his rights while he was a student there. In the instant complaint, he alleges that at Murray State University "discrimination is part of the curriculum as well as sexual harrassment, unethical conduct, civil right violation, tortuous act, denial of education material in federal funded programs and violation of Americans with Disibilitys Act." The only Defendants about whom any specific allegations are made in the body of the complaint are Murray State University, Camisha Duffy, Cheryl Sons, and Cynthia Elliott.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A.** *Res judicata*

The doctrine of *res judicata* prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *United States v. McMichael*, 525 F. App'x 388, 392 (6th Cir. 2013). Where jurisdiction in the prior litigation was based on a federal question, a federal court applies federal law in determining the preclusive effect of a prior federal judgment. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12 (1971) ("It has been held in non-diversity cases since *Erie R. Co. v. Tompkins*, that the federal courts will apply their own rule of *res judicata*.") (internal quotation marks and citation omitted)). The elements of *res judicata* are: "(1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims." *Walker v. General Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001) (per curiam).

The Court will consider each of these four elements in order to determine whether Plaintiff's present suit is barred.

### 1. Final decision on the merits

A dismissal of a complaint pursuant to the provisions of § 1915(e) "constitutes an adjudication on the merits for purposes of *res judicata*." *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003)). The dismissal of claims under 28 U.S.C. § 1915(e)(2)(B) "creates a *res judicata* bar to the presentation of further *in forma pauperis* cases raising the same claims." *Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001); *see also Harmon v. Webster*, 263 F. App'x 844, 845-46 (11th Cir. 2008) (per curiam) (dismissal of prior complaint under 28 U.S.C. § 1915(e)(2) constituted an adjudication on the merits for *res judicata* purposes). Thus, the first element is satisfied.

### 2. Parties

The parties in the prior suit and the present action are nearly identical. All but two of the Defendants in the instant case were named in the prior action. Defendants Elliott and Jothan Baxter were not.

### 3. Issues that were or should have been litigated

All of the allegations raised in this complaint appear to be part and parcel of the allegations raised in his prior complaint, although Plaintiff gives more specifics in the instant complaint. As stated above, Defendant Elliott was not named in the prior complaint. However, the allegations he makes against her appear to have happened in the same time frame and therefore the Court sees no reason that Plaintiff's claim against her could not have been raised in the prior action.

### 4. Identity of claims

Finally, there is an identity of claims. Identity of claims means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Just as in the prior action, all of Plaintiff's current claims stem from his enrollment as a student at Murray State University.

In the present action, Plaintiff is simply trying to re-litigate claims that he lost as part of his prior action. As such, this action is barred by the doctrine of *res judicata* and, therefore, must be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

### B. Claims against Defendants Baxter and Elliott

Even if Plaintiff's claims against Defendants Baxter and Elliott are not barred by the doctrine of *res judicata* because they were not named in the prior suit, they fail to state a claim.

#### 1. Defendant Jothan Baxter

There are no allegations against Jothan Baxter in the complaint. Some factual basis for each claim must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how each defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendant Baxter. As such, this claim must be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

5

## 2. Defendant Elliott

Plaintiff's allegations against Defendant Elliott are the most specific. He states that he was scheduled to see Defendant Elliott three times for counseling. He alleges that "right away" Defendant Elliott started asking him questions about his ex-wife. He states, "I notice she (Cynthia Elliott) licking her lips and staring at my crotch (di**) then she winks at me and touches her self. I'm in shock. I didn't know what to say or do. I just wanted the appointment over . . . ." He states that at the second appointment Defendant Elliott was nervous and wanted to know if Plaintiff knew what "Mike" was going to ask her and what Plaintiff was going to talk to Mike about. He stated he could not believe that the "college let someone like Cynthia Elliott around peoples children in the college when a child needs help. . . . [T]hese people in counseling services are suspose to be here to help students no matter their age not sexualy harass someone who is struggling with a disability . . . ."

### a. Title IX

A federal education funding recipient's deliberate indifference to a teacher's sexual harassment of a student violates the plain terms of Title IX of the Education Amendments of 1972.[1] 20 U.S.C. §§ 1681-88. However, claims under Title IX are authorized only against institutions receiving federal funding. 20 U.S.C. § 1681(a); 42 U.S.C. § 2000d. *See also Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640-41 (1999). For purposes of this analysis, the Court assumes that Murray State University is such an institution. But, because Defendant Elliott is not a federally assisted program, she cannot be held liable under Title IX. *See Fitzgerald v. Barnstable School Comm.*, 555 U.S. 246, 257 (2009) ("Title IX reaches institutions

---

[1] Plaintiff's complaint refers to federally funded programs.

and programs that receive federal funds, 20 U.S.C. § 1681(a) . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals.").

To the extent that Plaintiff seeks to hold Murray State University liable for the actions of Defendant Elliott, Plaintiff does not allege that Murray State University knew about the alleged sexual harassment. Pursuant to Title IX, liability may be imposed on an educational institution for an individual's sexual harassment of a student only if a school official has actual notice of the misconduct and acts with deliberate indifference in failing to respond to the situation. *Gebser v. Lago Vista Indep. School Dist.*, 524 U.S. 274 (1998). On this basis, the Supreme Court held that "a damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of the discrimination in the recipient's programs and fails adequately to respond." *Id.* at 290. Furthermore, the educational institution's response "must amount to deliberate indifference to discrimination." *Id.*

The Supreme Court has "rejected the use of agency principles to impute liability to the [school] district for the misconduct of its teachers." *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd.*, 526 U.S. 629, 642 (1999). And, the Court has "declined the invitation to impose liability under what amounted to a negligence standard – holding the district liable for its failure to react to teacher-student harassment of which it knew or *should have* known." *Id.* (emphasis in original). Instead, the Supreme Court concluded that an educational institution "could be liable for damages only where the district itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of teacher-student harassment of which it had actual knowledge." *Id.*

7

Plaintiff has not alleged that he ever brought Defendant Elliott's actions to the attention of any Murray State University official, and liability under Title IX cannot be based upon what a school "*should have* known." *Id.* Consequently, the Court finds that Plaintiff fails to state a claim under Title IX.

### b. § 1983 claim

Nor does Plaintiff state a § 1983 claim against Defendant Elliott. Where a state official is sued in his or her official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claim for money damages from this state officer in her official capacity fails to allege a cognizable claim under § 1983. Moreover, Defendant is immune from monetary damages under the Eleventh Amendment. *See id.* Therefore, Plaintiff's claim against Defendant Elliott in her official capacity will be dismissed.

To state a § 1983 claim for sexual harassment against Defendant Elliott in her individual capacity, Plaintiff must show that Defendant Elliott: (1) was a state actor, (2) harassed Plaintiff because of his sex, and (3) the harassment was sufficiently severe or pervasive to interfere unreasonably with Plaintiff's educational activities. *See Jennings v. Univ. of North Carolina*, 482 F.3d 686, 701 (4th Cir. 2007) (addressing college soccer player's § 1983 claim against soccer coach for hostile environment sexual harassment and noting that elements are governed

8

by traditional Title VII jurisprudence).

Here, the conduct alleged by Plaintiff is not severe enough to rise to a constitutional violation. *See, e.g.*, *Hopkins v. Baltimore Gas & Elec.*, 77 F.3d 745, 753-54 (4th Cir. 1996) (holding that multiple instances of inappropriate conduct, including placing a magnifying glass over the plaintiff's crotch, did not establish sexual harassment). Moreover, Plaintiff has alleged only a one-time occurrence, which is not sufficient to raise a constitutional claim in this context. *See, e.g.*, *Burnett v. Tyco Corp.*, 203 F.3d 980 (6th Cir. 2000) (Sixth Circuit found that three alleged episodes of harassment by a personnel manager occurring over six-month period were not sufficiently severe or pervasive to create a hostile work environment); Cf. *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1366 (10th Cir. 1997) (reasoning that five sexually-oriented incidents over sixteen months were sporadic); *Baskerville v. Culligan Internat'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995) (nine allegedly unlawful incidents, spread over seven months, could not reasonably be thought to constitute sexual harassment). Thus, taking Plaintiff's allegations as true, he has not stated a § 1983 claim for sexual harassment by Defendant Elliott.

**C.**     ***Merits***

Finally, even assuming *res judicata* does not bar his claims against the Defendants named in the prior suit, the Court finds that Plaintiff has failed to state a claim against any Defendant. As noted before, Plaintiff's complaint references sexual harassment, civil-rights violations, federal funding, and the Americans with Disabilities Act (ADA). Each will be considered below.

    **1.**     **Defendants about whom no allegations are made**

First, Plaintiff makes no allegations concerning Defendants Nancy Phillips, Velvet

9

Wilson, Janet Harper, Debra Shepard, Stacy Johnson, and Boyd Baxter. Consequently, for the same reasons as set forth above with regard to Defendant Jothan Baxter, Plaintiff has failed to state a claim against these Defendants. *See Copeland v. Machulis*, 57 F.3d at 481.

### 2. Sexual harassment and federal funding

The only sexual harassment allegations in the complaint were made against Defendant Elliott. As already discussed, Plaintiff fails to state a claim either under Title IX (which prohibits discrimination based on sex by institutions receiving federal funding) or § 1983.

### 3. § 1983

Assuming that an equal-protection claim based on his disability is cognizable, Plaintiff fails to state a § 1983 claim.

Plaintiff asks only for monetary damages. As explained above, all of Plaintiff's § 1983 claims against Murray State University and Defendant employees in their official capacities are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. at 166. Because Plaintiff fails to state a claim upon which relief could be granted and because he seeks monetary relief from Defendants who are immune from such relief, the Court will dismiss the claims against Murray State University and Defendant employees in their official capacities pursuant to §§ 1915(e)(2)(B)(ii) and (iii).

While Plaintiff's § 1983 claims against employees in their individual capacities are not barred by the Eleventh Amendment, he fails to state a claim against them. The only individual Defendants about whom he makes any allegations in his complaint are Defendants Elliott, Duffy, and Sons.

It appears that his complaint against Defendant Duffy is that she "laughed" in front of

him when he was "finily" told he was taking 21 credit hours (instead of the 12 credit hours which would have made him a full-time student). He states that he went to "Vocational Rehab[.] Cherol Sons" and "she would make another appointment each time I went[.] Nothing ever got done this went on till the middle of the second semester. She wanted me to go to three counseling sessions. I agree to 3."

In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment pursuant to § 1983, a plaintiff claiming discrimination must ordinarily allege that a state actor intentionally discriminated against him because of his membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). It is also possible for a plaintiff to proceed as a "class of one." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). In order to establish a cause of action under the equal protection clause based on a "class of one," Plaintiff must demonstrate "'that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (internal citation omitted).

Under either theory, Plaintiff must allege intentional discrimination. Plaintiff does not allege that Defendants Duffy or Sons intentionally discriminated against him because of his disability. Indeed, the Court is hard-pressed to see that one occasion of laughing at Plaintiff by Defendant Duffy or a series of making appointments and suggesting counseling by Defendant Sons rise to the level of a constitutional violation in the context of this case. *See, e.g.*, *Rupprecht v. City of Pittsfield*, No. 10-30300-MAP, 2011 WL 1486594, at *2 (D. Mass. Mar. 4, 2011) (finding assertion that a building inspector laughed at Plaintiff's buyer and told him that the property would never be built on was conclusory assertion insufficient to support equal-

protection claim). Plaintiff does not allege that he was treated any differently than others similarly situated. Plaintiff's allegations against Defendant Elliott have been discussed above, and they, too, do not state a claim of intentional discrimination based on a disability. In short, Plaintiff's allegations do not rise to discrimination.

    **4.    ADA claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. However, "Title II of the ADA does not . . . provide for suit against a public official in his individual capacity." *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009); *see also Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."). Thus, all of Plaintiff's individual-capacity claims against all Defendants under the ADA must be dismissed for failure to state a claim.

With regard to Plaintiff's official-capacity claims under the ADA, the Eleventh Amendment does not bar monetary damages against officials where the ADA claim sounds in due process. *Ward v. Martin*, 89 F. App'x 568, 569 (6th Cir. 2004). The same is not true where a plaintiff's claims sound in equal protection. *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044-45 (E.D. Mich. 2005) ("A Title II ADA claim against a government official in her official capacity for money damages is barred if it sounds in equal protection rather than due process.") (citing *Popovich v. Cuyahoga Cnty. Court of Common Pleas*, 276 F.3d 808, 811 (6th Cir. 2002).

Plaintiff alleges that he ended up with "thousands of dollars in student loan debt after

being discriminated against because of my disability by Murray State University." Thus, Plaintiff is invoking his equal protection rights, not due process rights, under the ADA. Therefore, monetary damages are unavailable. Plaintiff does not ask for any injunctive relief, and, in fact, he is no longer a student at Murray State University. The Court will dismiss his ADA claim for failure to state a claim.

     5.     **State law claims**

Plaintiff also mentions "unethical conduct" and "tortious acts" in his complaint. To the extent that Plaintiff is attempting to bring state law claims, the Court declines to exercise supplemental jurisdiction over those claims. Those claims will be dismissed without prejudice.

### III. CONCLUSION

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
        Defendants
4413.009